T.C. Memo. 1999-52

UNITED STATES TAX COURT

KENNETH E. AND LOIS M. EDWARDS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 257-98.                    Filed February 25, 1999.

Kenneth E. and Lois M. Edwards, pro sese.

Jeremy L. McPherson, for respondent.


MEMORANDUM OPINION

GERBER, Judge:  Respondent determined a deficiency in petitioners' 1993 Federal income tax in the amount of $83,430 and a penalty under section 6662(a)[1] in the amount of $16,686.  The

_____

[1] Unless otherwise stated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

issue for our consideration is whether, as petitioners contend, respondent's determination of a deficiency is procedurally flawed.

Petitioners believe that respondent's issuance of their deficiency notice was an improper assessment of tax. At the time of trial, the Court surmised that petitioners' argument was without merit. After reviewing the parties' briefs, we are convinced that petitioners' position is without merit. Essentially, petitioners are confused about the chronology of the deficiency and assessment processes.

Petitioners Kenneth and Lois Edwards, husband and wife, resided in Citrus Heights, California, at the time they filed their petition. Despite 6 months of correspondence, offers to have meetings, and reassurances that no assessment had been made at that time, petitioners did not meet or confer on the merits of the determination with respondent's counsel.

Instead, they chose to file interrogatories requesting documents connected with the deficiency process, Form 23-C (Assessment Certificate) and Form 4340 (Certificate of Assessment and Payments) connected with the assessment process, and the names of the persons who had determined the deficiency and prepared the requested forms. Respondent advised petitioners that their interrogatories were premature and procedurally flawed.[2] Respondent also extended an offer of a meeting where

---

[2] On brief, petitioners raised the issue that respondent's answer to the interrogatories was unsatisfying. But petitioners never moved, under Rule 104(b), to compel a further and better
(continued...)

petitioners would be able to see relevant portions of their administrative file.  Petitioners did not agree to meet with respondent.  The parties did not stipulate any facts.

On brief, petitioners raised concerns about respondent's failure to deliver copies of the two forms requested in petitioners' interrogatories.  The request for Forms 23-C and 4340 reflects petitioners' misunderstanding of or confusion about the deficiency and assessment processes.  The requested forms usually contain information about a taxpayer's account, including any assessment or payment that has been made including the assessment date, the identity of taxpayer, the amount and type of liability assessed, and the applicable time period.  See Saltzman, IRS Practice and Procedure, par. 10.02, at 10-4 and par. 14.05[1], at S14-8 (2d ed. 1991 and Supp. 3 1998).  If, in a situation similar to petitioners', no assessment has been made, these forms would contain little or no information.

Respondent then moved to dismiss for failure to prosecute properly, and the motion was calendared for hearing at the scheduled trial session.  At the hearing, petitioners stated that they would not present evidence on the adjustments to income determined by respondent in the deficiency notice.  Petitioners only wished to pursue their procedural claim that respondent's notice of deficiency was an improper attempt to assess a tax liability.

---

[2](...continued)
answer from respondent, so we shall not discuss it further.

Section 6201(a) gives the Commissioner broad authority to assess and collect taxes. That authority is restricted, however, by the general requirement that, with respect to certain types of tax, a notice of deficiency must first be sent to the taxpayer before assessment and/or collection of the tax. Sec. 6213(a). Upon issuance of a notice of deficiency, a taxpayer may challenge the correctness of the deficiency determination in this Court by filing a petition within a specified period of time. Id. If a petition is timely filed, the Commissioner is precluded from assessing or collecting the tax deficiency until the Tax Court's decision is final. Id.

These procedures ensure that a deficiency cannot be assessed and/or collected without petitioners' being provided an opportunity to show respondent to be in error. Because petitioners filed a petition in this case, the deficiency amount cannot be assessed or collected until our decision is final.

Though petitioners contend that respondent improperly assessed their tax, there is no evidence that respondent failed to comply with the deficiency procedure or improperly assessed any tax. No assessment has been made concerning respondent's determination for the 1993 tax year. Petitioners, although given the opportunity to dispute the correctness of the deficiency and penalty, have chosen to present no substantive evidence regarding respondent's determination for the 1993 tax year. We accordingly

hold that petitioners have failed to show that respondent's determination is in error.

In light of the foregoing,

<u>Decision will be entered for respondent.</u>